IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:17-cr-00062-2

CARL CLARK,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are two pro se letter form motions for compassionate release, [ECF Nos. 385, 387], filed by Defendant Carl Clark. The United States of America (the "Government") has filed a response, [ECF No. 388], and Defendant has replied, [ECF No. 389]. The motions are **DENIED** for the reasons that follow.

I.    Background

On April 23, 2018, Defendant was convicted of distribution of a quantity of methamphetamine under 21 U.S.C. § 841(a)(1). [ECF No. 133]. I sentenced him to 135 months of imprisonment. [ECF No. 256]. Defendant has served about 37 months of that sentence. He is currently imprisoned at Federal Prison Camp Ashland ("FPC Ashland"), in Kentucky. He now moves under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the Bureau of Prisons ("BOP"), relying on the threat posed by the COVID-19 pandemic.

## II. Discussion

The First Step Act "embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Galloway*, No. CR RDB-10-0775, 2020 WL 2571172, at *3 (D. Md. May 21, 2020) (internal citations removed); *see also United States v. Stephenson*, No. 3:05-CR-00511, 2020 WL 2566760, at *5 (S.D. Iowa May 21, 2020) ("Unqualified deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.").

For me to reduce Mr. Clark's sentence under compassionate release, I must find that Mr. Clark has exhausted his administrative remedies or waited 30 days from the Warden's receipt of his request, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018).

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). But before they make such requests, defendants must ask BOP to do so on their behalf and then wait 30 days. *See* § 3582(c)(1)(A). Upon such a motion from BOP or from a defendant (after BOP denies the request or thirty days have elapsed since the request

was filed), a court "may reduce the term of imprisonment...." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Mr. Clark requested compassionate release from the Warden of FPC Ashland on April 6, 2020. The Warden responded, denying his request on May 22, 2020. [ECF No. 387–2]. Mr. Clark filed two pro se letter form motions requesting compassionate release on May 21, 2020 and June 3, 2020 respectively. [ECF Nos. 385, 387]. Because 30 days has elapsed since the Warden's receipt of Mr. Clark's request, I find that he may petition the court for compassionate release pursuant to the statute.

b) **Extraordinary and Compelling Reasons**

Once an inmate has satisfied administrative exhaustion or waited 30 days since petitioning the Warden, courts may reduce their sentences upon a finding of "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A).

There are "disagreements [among district courts] about the precise definition of 'extraordinary and compelling reasons' justifying compassionate release."[1] *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020). But many courts have found "extraordinary and compelling" reasons

---

[1] The specific extraordinary and compelling reasons listed in the Sentencing Guidelines for BOP to consider include i) the defendant is suffering from a terminal or serious medical condition; ii) age of defendant; iii) family circumstances of defendant; and iv) "other reasons." U.S.S.G. § 1B1.13; *United States v. Bass*, No. 1:10-CR-166 (LEK), 2020 WL 2831851, at *3–4 (N.D.N.Y. May 27, 2020). "Following the passage of the First Step Act, courts may independently determine whether such 'other reasons' are present in a given case, without deference to the determination made by the BOP." *United States of America v. Thaher,* No. 17 CR. 302-3 (KPF), 2020 WL 3051334, at *4 (S.D.N.Y. June 8, 2020).

3

"supporting release on the basis of a combination of dire prison conditions and underlying health conditions that increase the likelihood of severe illness from COVID-19."[2] *See e.g., Bass*, 2020 WL 2831851, at *7 (collecting cases). Here, Mr. Clark argues he satisfies "extraordinary and compelling reasons" for compassionate release because he suffers from asthma and obesity, which place him at an increased risk of severe illness from COVID-19. [ECF Nos. 385, 387]. He also states that he "has been told" he is pre-diabetic. Ex. 6 [ECF No. 388–7].

Defendant's reply alleges alarming inadequacies in BOP's actual response to the COVID-19 pandemic. *See* [ECF No. 389]. His reply details inadequate disinfectant, a lack of testing, and failures in safety protocol. *Id.* He states in his response that the "facts completely contradict what BOP is portraying to the public. It is business as usual in Ashland, Kentucky." *Id.* These allegations trouble me. It would be a mistake to dismiss descriptions of prison conditions from those who actually experience them day-to-day. Nonetheless, as far as the court is aware, there are no confirmed positive COVID-19 cases amongst inmates at FPC Ashland and there is only one confirmed positive COVID-19 case amongst prison staff. COVID-19

---

[2] "Section 1B1.13 of the United States Sentencing Guidelines contains the only policy statement issued by the Sentencing Commission pertaining to compassionate release," which has not been updated since the passage of the First Step Act. *See Bass*, 2020 WL 2831851, at *3; U.S.S.G. § 1B1.13.[2] Thus, courts have taken this to mean that "there does not currently exist, for purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'" *See e.g., United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020); *United States v. Brant*, No. 218CR20155TGBMKM1, 2020 WL 2850034, at *4 (E.D. Mich. June 2, 2020); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *3 (C.D. Ill. May 15, 2020).

Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 9, 2020). Moreover, Defendant has not provided any medical documentation or evidence upon which I may evaluate his individualized vulnerability. Simply a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, I cannot find "extraordinary and compelling reasons" exist to release Mr. Clark. I therefore end my inquiry here. Defendant's motions for compassionate release, [ECF Nos. 385, 387], are **DENIED**.

### III. Conclusion

The court **DENIES** Defendant's pro se letter form motions for compassionate release, [ECF Nos. 385, 387]. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 10, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE